AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Western District of Michigan

FILED - GR
November 24, 2009 1:44 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 1:09-mj-395 |
| HERBERT FRISKE | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about June 3, 2003, in the county of Emmet, in the Western District of Michigan, the defendant(s) violated 26 U.S.C. § 7206, an offense described as follows:

making a false declaration under penalties of perjury, to wit, submitted a false tax return

This criminal complaint is based on the these facts:

■ Continued on the attached sheet.

_____
Complainant's signature

FREDERICK R. PIKE

Sworn to before me and signed in my presence.

Date: 11/24/2009

_____
Judge's signature

JOSEPH G. SCOVILLE
United States Magistrate Judge

City and state: Grand Rapids, Michigan

AFFIDAVIT

I, Frederick R. Pike, being duly sworn, depose and state the following:

1. I am a Special Agent of the Internal Revenue Service, Criminal Investigation, and have been so employed for 5 1/2 years. I have a Bachelor of Science degree in accounting from Lake Superior State University. As a Special Agent, I have completed training at the National Criminal Investigation Training Academy at the Federal Law Enforcement Training Center in Glynco, Georgia. My duties as a Special Agent include, among other things, investigation of criminal violations of the Internal Revenue Code (Title 26, United States Code).

2. This affidavit is filed in support of a criminal complaint charging Herbert FRISKE with willfully making a false tax return, in violation of 26 U.S.C. § 7206(1). This affidavit includes facts known to me personally and related to me by third parties, including other law enforcement officers. Because this affidavit is drafted for the sole purpose of supporting a complaint, it does not include all facts known to law enforcement.

3. On June 3, 2003, the IRS received an IRS Form 1040 (tax return) filed by Herbert FRISKE for tax year 2002. On line 17 of the return, FRISKE stated that he had a total income from rental real estate, royalties, partnerships, S corporations and trusts of $25,138.99. On Schedule E of the return, FRISKE did not report any income from rental real estate.

4. Bank records obtained by grand jury subpoena reveal that in 2002, FRISKE actually received an additional $206,341.36 in unreported rental income from six commercial properties in the Petoskey, Michigan area. The income from these properties was deposited in a bank account in the name of "Bay Accounting," a trust established by FRISKE. The trust did not file a tax return.

5. On January 17, 2007, Special Agents of the IRS (including myself), FBI, and Michigan State Police troopers executed a federal search warrant at FRISKE's residence in Petoskey, Michigan. We found voluminous documentary evidence of involvement in tax evasion schemes, including known instructional books and DVDs, correspondence with known tax evasion scheme promoters, and folders filled with sham trust documents. In addition to the documentary evidence and tapes, we found two SKS 7.62 x 39mm semiautomatic assault rifles, a safe filled with gold

coins and ingots, and a toolbox filled with silver bars.

6.   Also inside the residence, we recovered several audio cassette tapes FRISKE had surreptitiously produced during his conversations with tax evasion scheme promoters. In these conversations, FRISKE discussed the relative merits of moving his funds offshore, (including to Panama), revoking his social security number, using trusts to disguise his assets, and other stratagems to avoid paying taxes. On one tape, FRISKE tells trust promoter Bruce Hawkins, "Uh, I own five rental properties, they're all commercial. Uh, and I have a number of uh small investments and uh the total income taxable after deductions uh right now is about a hundred and fifteen thousand."

7.   From 2000 to 2005, FRISKE reported total income ranging between $20,349 and $38,352 per year. For this entire five-year period, FRISKE paid a total of $1,399 in taxes. FRISKE's waterfront residence in Petoskey was valued at approximately $1M at the time of his 2002 tax return. In addition, FRISKE's mortgage payment of $3360.16 was paid in 2002 by "River Property Trust," a trust controlled by FRISKE that has never filed a tax return.

8.   On August 7, 2006, FRISKE filed an affidavit with the Emmet County Register of Deeds. In the affidavit, FRISKE alleged that he was not a United States citizen, but instead a "sovereign citizen." FRISKE further alleged that he had been "tricked" into using federal reserve notes, social security numbers, tax returns and other official documents; and stated that he was not subject to any jurisdiction "federal or otherwise."

9.   On June 8, 2007, I interviewed FRISKE in the presence of his attorney. FRISKE advised me that he maintained control of the funds in the Bay Accounting and River Property trusts at all times. FRISKE further admitted that he did not include the rental income on his tax return, and never filed a return for the trusts.

10.   On April 15, 2009, the IRS received an IRS Form 1040X (amended tax return) filed by Herbert FRISKE for tax year 2002. In the amended return, FRISKE reported that he had actually received a total of $199,337 in rental income from six rental properties.

11.   By letter signed May 13, 2009, Herbert FRISKE and his counsel executed a voluntary extension of the statute of limitations from June 3, 2009 to November 30, 2009.

12. Based on the foregoing, I have reason to believe that FRISKE willfully submitted a materially false return for tax year 2002.

*[signature]*

FREDERICK R. PIKE
Special Agent, IRS

Sworn and subscribed before me this **24** day of November, 2009

*[signature]*

JOSEPH G. SCOVILLE
United States Magistrate Judge

3